### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOURYON USA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>XENE CORPORATION,<br><br>    Defendant. | Case No. 1:24-cv-00613-MN<br><br>**JURY TRIAL DEMANDED** |

### MOTION FOR ALTERNATIVE SERVICE

Plaintiff Nouryon USA LLC ("Plaintiff"), by and through its undersigned counsel, hereby moves this honorable Court (the "Motion"), pursuant to Rule 4(h) of the Federal Rules of Civil Procedure (the "Federal Rules"), for entry an order, substantially similar to the form attached hereto as **Exhibit A**, authorizing Plaintiff to serve the summons ("Summons") and complaint (the "Complaint" and, together with the Summons, the "Complaint Package") upon defendant Xene Corporation ("Defendant"), by delivering the Complaint Package electronically to Defendant's General Counsel's last known, active email address. In support of this Motion, Plaintiff avers as follows:

### FACTUAL BACKGROUND

1. Plaintiff is a Delaware Corporation existing under the laws of the State of Delaware having its principal place of business at 100 Matsonford Road, Building 1, Suite 500, Radnor, Pennsylvania, 19087.

2. Defendant Xene is a corporation organized and existing under the laws of New York State that was formed on or about May 9, 2022.

3. On or about May 22, 2024, Plaintiff filed the Complaint against Xene. Pursuant

to the Complaint, Plaintiff seeks declaratory judgment that two United States patents are not infringed and/or invalid pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and for such other relief as the Court deems just and proper.

4. After Plaintiff filed its Complaint, it attempted to serve the Complaint Package on Defendant.

5. Defendant does not have a registered agent for service of process in the State of Delaware or the State of New York.

6. Rather, Defendant designated the New York Secretary of State as its agent for service of process in New York, as set forth in the New York Department of State, Division of Corporations, Entity Information, a true and correct copy of which is attached hereto as **Exhibit B.**

7. Defendant's filing with the New York Secretary of State lists an address were any documents served on the Secretary of State will be mailed, Xene Corporation, 225 Post Ave., New York, New York, 11590 (the "SOS Address").

8. Prior to attempting to serve Defendant via the New York Secretary of State, Plaintiff made numerous attempts to serve Xene at the SOS Address, with no success.  Defendant is not known at the SOS Address which is otherwise occupied by a business named Advantage Tennis. A true and correct copy of an Affidavit of Attempted Service at the SOS Address by Juan Aguirre is attached hereto as **Exhibit C.**

9. Defendant's website lists a contract address of, Xene Corporation, 5 East 22nd Street, New York, New York, 10010 (the "Corporate Address") (https://xenecore.com/contact/).

10. Prior to attempting to serve Defendant via the New York Secretary of State,

Plaintiff made numerous attempts to serve Xene at the Corporate Address, with no success. A first attempt found no Xene representative present. During the second attempt, Mr. Jerry Choe, believed to be the principal of Xene Corporation, was heard stating to a concierge, "do not let him up." A true and correct copy of an Affidavit of Attempted Service at the Corporate Address by Di Cong Jiang is attached hereto as **Exhibit D.**

11. Plaintiff emailed Jerry Choe, Defendant's general counsel, at the email address Mr. Choe has utilized in pleadings filed in the United States District Court for the Eastern District of New York, to request Mr. Choe voluntarily accept service of the Complaint Package. Mr. Choe did not respond to those attempts. A true and correct copies of Plaintiff's email correspondence with Mr. Choe is attached hereto as **Exhibit E.**

12. Plaintiff also attempted to serve Defendant via the New York Secretary of State. Despite Defendant not having any other agent designated for service of process in New York, the New York Secretary of State rejected Plaintiff's attempt to serve Defendant because the instant lawsuit is a foreign action. A true and correct copy of the New York Secretary of State's rejection is attached hereto as **Exhibit F.**

## RELIEF REQUESTED

13. By this Motion, Plaintiff respectfully requests entry of an order substantially in the form attached hereto as Exhibit A, allowing Plaintiff to serve the Complaint upon Defendant by delivering the Complaint by electronic mail to Defendant's known, active e-mail address.

## BASIS FOR RELIEF REQUESTED

14. Pursuant to Federal Rule 4(h)(1)(A), a corporation may be served in any manner prescribed by Federal Rule 4(e)(1) for serving an individual.

15.     As such, a corporation may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See* Federal Rule 4(e)(1).

16.     Delaware's long-arm statute "authorizes service of process outside of the State [where] the service, when reasonably calculated to give actual notice, may be made... as directed by [the] court." 10 Del. C. § 3104(d)(4).

17.     "Although the statute provides a framework that parties can use when attempting service, it does not provide guidance for every possible situation, and the General Assembly appropriately gave [our trial courts] discretion to determine whether service was proper." *Maldonado v. Matthews*, 2010 WL 663723, at *4 (Del. Ch. Feb. 23, 2010). Consistent with that intent:

> The Delaware Supreme Court has made clear that trial courts must give a broad reading to the terms of the long-arm statute, in order to effectuate the statute's intent to ensure that this state's court may exercise jurisdiction to the full limits permissible under the Due Process Clause. In other words, the Supreme Court has instructed that trial courts should permit service under § 3104 if the statutory language plausibly permits service, and rely upon a Due Process analysis to screen out uses of the statute that sweep too broadly.

*Sample v. Morgan*, 935 A.2d 1046, 1056 (Del. Ch. 2007) (citing *Hercules Inc. v. Leu Trust and Banking (Bahamas) Ltd.*, 611 A2d 476, 480-81 (Del. 1992)).

18.     For a court's intervention to be "necessary," a party need not exhaust all possible methods of service; rather, the court may authorize an alternative form of service where traditional means have failed or are practically unavailable. *See In re Heckmann Corp. Sec. Litig.*, 2011 WL 5855333 (D. Del. Nov. 22, 2011) ("[I]t is not necessary that a plaintiff first attempt every permissible type of service prior to seeking relief from the court under rule 4(f)(3).").

19. Service of the Complaint Package by electronic mail to Defendant's known email address and by U.S. mail to Defendant's known Corporate Address is appropriate here. Defendant maintains an email address in litigation pending in another jurisdiction and the Corporate Address with the New York Secretary of State.

20. Plaintiff has diligently attempted to serve Defendant at its Corporate Address, by emailing its General Counsel and via the New York Secretary of State, but all attempts have proven unsuccessful. Plaintiff respectfully requests that the Court allow for service of the Complaint by alternative means as described herein and as permitted under 10 *Del C.* § 3104(d)(4).

WHEREFORE Plaintiff respectfully requests that the Court enter an Order (i) granting this Motion; (ii) authorizing Plaintiff to serve the Complaint and Summons upon Defendant by delivering the same by electronic mail to the Defendant's known e-mail address and to Defendant's Corporate Address by U.S. Mail; and (iii) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  June 20, 2024

**ARMSTRONG TEASDALE LLP**

*/s/ Jonathan M. Stemerman*
Jonathan M. Stemerman (No. 4510)
1007 Market Street, 3d Floor
Wilmington, DE 19801
Telephone:  (302) 824-7089
Email:  jstemerman@atllp.com

Edward F. Behm (*pro hac vice*)
2005 Market St., 29th Floor
One Commerce Square
Philadelphia, PA  19103
Telephone:  (267) 780-2000
Email: ebehm@atllp.com

*Attorneys for Nouryon USA, LLC*