IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOURYON USA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-613-MN |
| | ) |
| XENE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Jonathan M. Stemerman, ARMSTRONG TEASDALE LLP, Wilmington, DE; Edward F. Behm, ARMSTRONG TEASDALE LLP, Philadelphia, PA – Attorneys for Plaintiff

Denise Kraft, HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, DE – Attorneys for Defendant

February 10, 2025
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE**

Before the Court is Defendant Xene Corporation's motion to dismiss (D.I. 14) asserting that Plaintiff Nouryon USA, LLC's claims are barred for lack of personal jurisdiction and lack of venue, and under the first-to-file doctrine, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. In the alternative, Defendant requests that this Court stay these proceedings or transfer this case to the Eastern District of New York, now on appeal.[1] *Xene Corp. v. Nouryon B.V. et al*, 1:22-cv-02850-PKC-MMH, ECF No. 47. (*Id.*). For the reasons discussed below, the motion is DENIED-IN-PART and GRANTED-IN-PART and this case is STAYED pending resolution of the related case on appeal.

I.   **BACKGROUND**

On May 16, 2022, Defendant filed suit in the Eastern District of New York alleging infringement of two patents[2] against Nouryon and various other parties ("the EDNY case"). (D.I. 1, ¶ 5; D.I. 15 at 1). That case has been dismissed for lack of personal jurisdiction and improper venue based on the forum selection clause in a confidentiality agreement entered between the parties in this case (D.I. 18, Ex. A) and that decision is now on appeal. On May 22, 2024, Plaintiff filed a declaratory judgment complaint in this Court, seeking a declaration that the same two patents are not infringed and are invalid. (D.I. 1 ¶¶ 13-36). On August 26, 2024, Defendant filed a motion to dismiss. (D.I. 15). The motion has been fully briefed. (D.I. 18, D.I. 19).

---

[1]   Because both parties refer freely to case No. 1:22-cv-02850-PKC-MMH in their pleadings, the Court takes notice of that proceeding's docket and refers to it where necessary.

[2]   U.S. Patent Nos. 18,238,666 and 10,500,447.

## II. LEGAL STANDARD

### A. STANDARD FOR FIRST-TO-FILE RULE

"The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The first-to-file rule avoids duplicative litigation over the same subject matter. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941). "The first-to-file rule is used to dismiss or stay a later-filed action." *FMC Corp. v. AMVAC Chemical Corp.*, 379 F. Supp. 2d 733, 737 (E.D. PA. 2005). In general, "[t]he first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (internal quotation marks and citation omitted).

### B. MOTION TO STAY

Whether to stay litigation is a matter generally committed to the Court's discretion. *Ethicon, Inc. v. Quigg*, 842 F.2d 1422, 1426-27 (Fed. Cir 1988); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). In exercising that discretion, courts typically consider the following factors: "(1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage." *Siemens Indus., Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 16-284-LPS, 2018 WL 3046511, at *1 (D. Del. June 20, 2018).

### III. DISCUSSION

Xene argues that this court should dismiss the pending action, in part, under the first-to-file doctrine.³ (D.I. 15 at 9-11). District courts can make exceptions to the first-to-file rule, and "such exceptions are not rare." *Communications Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) (internal quotations and citation omitted). Here, an exception is warranted. This Court has been asked to dismiss this case on the basis of ongoing proceedings in the EDNY case. (D.I. 15, p. 8-10). That case, however, has been dismissed and is currently on appeal. Consequently, there is no pending first filed case to which this Court can defer.

Next, Xene argues that this action should be stayed because it overlaps entirely with the EDNY case, currently on appeal. On this, the Court agrees. The EDNY case and the current action both address infringement and validity of U.S. Patent Nos. 18,238,666 and 10,500,447. There is at least some possibility that the EDNY case will continue after the appeal, and if it were to do so, may well obviate the need for litigation and trial in this Court. Moreover, this case is in a nascent stage, and as such, its stay would not impose a significant burden on judicial resources. Lastly, it does not appear that a stay would provide either party a particular advantage or disadvantage. The parties have shown their willingness to litigate in this forum and in the Eastern District of New York, and as such no particular benefit to either party can be impugned.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion is granted-in-part and denied-in-part. An appropriate order will follow.

---

³ Xene also challenges personal jurisdiction and venue in this Court, but its arguments are tied to its assertions that the forum selection clause in the confidentiality agreement does not apply – a finding contradicted by the court in the EDNY case. The Court will deny the motion to dismiss on those grounds without prejudice to raise them, if appropriate, after the appeal of the EDNY case concludes.